UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JNP ENTERPRISES, LLC                                          CIVIL ACTION


VERSUS                                                        NO. 13-4684


PATTERSON STRUCTURAL MOVING AND
SHORING, LLC, ET AL.                                          SECTION "H" (4)


ORDER AND REASONS

Before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims or, alternatively, Motion for More Definite Statement (Doc. 30). For the following reasons the Motion is DENIED.


BACKGROUND

This case centers on several disputes regarding a commercial transaction in which Plaintiff, JNP Enterprises, LLC ("JNP"), sold its ownership interest in Patterson Structural Moving and Shoring, LLC ("PSMS") to Defendant 120 West Partners, LLC ("120 West"). JNP initially filed suit claiming

1

that 120 West breached the sale agreement by, *inter alia*, refusing to pay JNP certain funds to which JNP was allegedly entitled. Defendants counterclaimed for breach of contract and fraud. JNP then filed the instant Motion, seeking dismissal of Defendants counterclaims.

## LEGAL STANDARD

### I. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S.

199, 215 (2007).

**II. Motion for More Definite Statement**

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party "must point out the defects complained above and the details desired." *Id.*

"When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8." *Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10–1333, 10–2296, 2012 WL 2087439, at *6 (E.D. La. June 8, 2012). Motions for a more definite statement are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224,

at *2 (E.D. La. June 19, 2013).  This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."  *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).

**LAW AND ANALYSIS**

    **I. Fraud Claim**

JNP moves this Court to dismiss Defendants fraud claim for failure to plead fraud with the requisite specificity.  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "A dismissal for failure to plead fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim under Rule 12(b)(6)."  *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)).  Fifth Circuit precedent "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"  *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 605 (5th Cir. 1974)).  However, "the time, place, contents, and identity standard is not a straitjacket for Rule 9(b).  Rather, the rule is context specific and flexible." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009).  Additionally, fraud may be pleaded on information and belief when "the facts relating to the alleged fraud are peculiarly

4

within the perpetrator's knowledge." *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc., et al.*, 336 F.3d 375, 385 (5th Cir. 2003).

JNP argues that Defendants' fraud claim is not pled with the specificity required by Rule 9(b). The Court disagrees. In order to state a claim for fraud against a party to a contract, the pleader must allege: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract." *Shelton v. Standard/700 Associates*, 798 So. 2d 60, 64 (La. 2001). Defendants' Counterclaim alleges all three elements with the required specificity.

Defendants allege several misrepresentations on the part of JNP. Defendants allege that JNP knew that it was required to obtain workers compensation insurance for its employees, that JNP intentionally misrepresented information to PSMS's workers compensation carrier in order to obtain lower premiums, and that JNP misrepresented these facts to 120 West when it alleged that PSMS had properly insured its workers. Defendants also allege that JNP falsely represented that several pieces of equipment included in the sale were free of any liens or encumbrances, that JNP intentionally failed to disclose that PSMS had failed to pay numerous outstanding invoices, and that JNP lied when it represented that PSMS was properly licensed. Additionally, as to the second and third elements, Defendants' Counterclaim alleges several times that JNP intentionally misrepresented these facts in order to induce 120 West to enter into the sale and that 120 West

would not have agreed to the sale if the misrepresented facts had been truthfully disclosed.

The Counterclaim contains detailed factual allegations regarding JNP's misrepresentation or suppression of the truth. Additionally, it contains sufficient allegations of fraudulent intent and alleges that the misrepresentations induced 120 West to sign the contract. Accordingly, the Counterclaim satisfies Rule 9(b).

### II. Breach of Contract Claim

JNP also moves the Court to dismiss the breach of contract claim, as to PSMS only. JNP argues that the counterclaim does not allege that PSMS sustained any damages. This argument is unpersuasive. The Counterclaim clearly alleges that JNP has failed to pay certain invoices that it was obligated to pay pursuant to the sale agreement and that some of PSMS's equipment is burdened with liens that JNP fraudulently failed to disclose. Taking these facts as true, the Counterclaim sufficiently alleges that PSMS has sustained damages.

### III. Motion for More Definite Statement

JNP argues that, should the Court decline to dismiss the Counterclaim, Defendants should be ordered to amend the Counterclaim in order to provide a more definite statement of their claim. This Motion is denied. Motions for a more definite statement are reserved for complaints which are "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224 (E.D. La. June 19, 2013). However, the Counterclaim contains detailed factual

allegations which clearly explain the grounds on which Defendants seek relief.  The Court had no difficulty understanding the claims presented in the Counterclaim.  Therefore, the Motion is Denied.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Dismiss Defendants' Counterclaims or, alternatively, Motion for More Definite Statement is DENIED.

New Orleans, Louisiana, this 2nd day of January, 2014.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

7