IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JNP ENTERPRISES, L.L.C. | Case No. 2:13-cv-04684 |
| *Plaintiff/Counter-Defendant* | Judge Jane Triche Milazzo |
| V. | Magistrate Judge Karen Wells Roby |
| PATTERSON STRUCTURAL MOVING AND SHORING, L.L.C. & 120 WEST PARTNERS, L.L.C. | |
| *Defendants/Counter-Plaintiffs* | |

___

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO JOIN ADDITIONAL PARTY, TO AMEND AND TO SUPPLEMENT ORIGINAL COUNTER-CLAIM**

NOW COME Patterson Structural Moving and Shoring, LLC ("PSMS") and 120 West Partners, LLC ("120 West") (collectively referred to as "Counter-Plaintiffs"), pursuant to Rule 7.4 of the Local Rules for the Eastern District of Louisiana, and for its Memorandum in Support of its Motion for Leave to Join Additional Party, to Amend and to Supplement Original Counter-Claim, states to this Court the following:

**I.     Background**

On June 24, 2013, Counter-Plaintiffs filed its Original Counter-Claim seeking damages against Counter-Defendant for breach of the Act of Sale between the parties and fraud (Doc. 22). On August 23, 2013, Counter-Defendant filed a Motion to Dismiss Counter-Plaintiffs' Counterclaims or, alternatively, Motion for More Definite Statement (Doc. 30). On January 3, 2014, this Honorable Court denied Counter-Defendant's motions (Doc. 41). On January 16, 2014, Counter-Defendant filed its Answer to the Original Counter-Claim (Doc. 42).

At this time, a Case Management Order has not been set, discovery has not commenced and Counter-Defendant only recently answered the Original Counter-Claim.

## II.     Law and Analysis

Counter-Plaintiffs seeks to add Charles Johnson as a counter-claim defendant pursuant to Federal Rules of Civil Procedure 15(a)(2) and (d), 13(h), 20(a) and proffers its First Amended and Supplemental Counter-Claim for filing.  Rule 20 provides that, "[p]ersons [ ... ] may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

Defendants/Counter-Plaintiffs assert that Charles Johnson is the sole member of Plaintiff/Counter-Defendant, JNP Enterprises, L.L.C., and has been involved in the same activities as JNP that are the subject of the Defendants/Counter-Plaintiffs counterclaims. Pursuant to La. Rev. Stat. Ann. § 12:1320(D), Mr. Johnson may be personally liable to Defendants/Counter-Plaintiffs due to fraud.

> "D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him."

Because the counterclaims against Charles Johnson arise out of the same transaction or occurrence and questions of law or fact are common to all counterclaim defendants, permissive joinder is appropriate.

The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes thereby preventing multiple lawsuits." *Mosley v. General Motors*

*Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974). It is to be liberally construed to effectuate this end. *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir.1974). No hard and fast rules govern application of the rule. *Mosley*, 497 F.2d at 1333. The transaction and common question requirements of the rule should be "read as broadly as possible whenever doing so is likely to promote judicial economy." 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1653, at 389. Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333.

In this instance, Charles Johnson is the sole owner of Counter-Defendant, JNP Enterprises, L.L.C. Thus, Counter-Plaintiff simply seeks to join Mr. Johnson as an additional defendant in order to assert personal liability against Mr. Johnson, personally, for any successful claims of fraud against JNP. All acts of fraud alleged in Counter-Plaintiff's Original Counter-Claim were perpetrated by Mr. Johnson. By adding Mr. Johnson as an additional counter-defendant, Counter-Plaintiff can avoid the potential subsequent law suit against Mr. Johnson and the joinder would promote judicial economy.

When a party seeks to amend a counterclaim to add a counter-defendant, Rule 15 is also implicated. See *Elite Enter., Inc. v. ASC, Inc.*, No. 1:04–CV–94, 2005 WL 3050279, at *2 (N.D. Ind. Nov. 15, 2005). Pursuant to Rule 15, "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a); see also *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003); *York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

>merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

In addition to joining Mr. Johnson, Counter-Plaintiffs seek to amend and supplement its Original Counter-Claim. More specifically, Counter-Plaintiffs seek to add claims that were unknown or were immature at the time it filed its Original Counter-Claim. Counter-Plaintiffs seek to amend certain allegations made in its Original Counter-Claim with specific amounts of damages that were not known at the time of its Original Counter-Claim.

WHEREFORE, Defendants/Counter-Plaintiffs respectfully request this Court to grant it leave to join Charles Johnson as an additional counter-defendant and to file its First Amended and Supplemental Counter-Claim.

    Respectfully submitted,

      /s/  Jeffrey M. Siemssen
    **ALBERT J. NICAUD, #19261**
    **JEFFREY M. SIEMSSEN, #31965**
    Nicaud & Sunseri, L.L.C.
    3000 18th Street
    Metairie, Louisiana 70002
    (504) 837-1304 - office
    (504) 833-2843 - facsimile
    Attorneys for Patterson Structural Moving and Shoring, LLC and 120 West Partners, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record either by hand delivery or by placing a copy of the same in the United States Mail, postage prepaid, and correctly addressed, this 3rd day of February, 2014.

    /s/ Jeffrey M. Siemssen
**JEFFREY M. SIEMSSEN**