IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JNP Enterprises, LLC,<br><br>        *Plaintiff*.<br><br>V.<br><br>120 West Partners, LLC and<br>Patterson Structural Moving and Shoring, L.L.C.,<br><br>        *Defendants*. | Civil Action No. 2:13-cv-04684<br><br>Judge Jane Triche Milazzo<br><br>Magistrate Judge Karen Wells Roby |
| 120 West Partners, LLC and<br>Patterson Structural Moving and Shoring, L.L.C.,<br><br>        *Counterclaim-plaintiffs*.<br><br>V.<br><br>JNP Enterprises, LLC,<br><br>        *Counterclaim-defendant*, | |

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO JOIN
ADDITIONAL PARTY, TO AMEND AND TO SUPPLEMENT ORIGINAL
COUNTERCLAIM**

| | |
|---|---|
| Date:  February 18, 2014 | **STEWART ROBBINS & BROWN, LLC**<br><br>By: **/s/ Ryan J. Richmond**<br>Brandon A. Brown (La. Bar No. 25592)<br>Erin Wilder-Doomes, TA (La. Bar No. 26552)<br>Ryan J. Richmond (La. Bar No. 30688)<br>620 Florida Street, Suite 100<br>Baton Rouge, LA 70801-1741<br>Telephone: (225) 231-9998<br>Facsimile: (225) 709-9467<br>E-mail: bbrown@stewartrobbins.com<br>E-mail: ewilderdoomes@stewartrobbins.com<br>E-mail: rrichmond@stewartrobbins.com<br><br>***Attorneys for JNP Enterprises, LLC*** |

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.     Introductory Statement.................................................................................................. 1

II.    Background and Procedural History............................................................................ 2

II.    Argument and Analysis................................................................................................ 4

      A.    Defendants do not make even the minimal required showings under Rule 15............................................................................................... 4

      B.    The proposed amendment relating to Johnson falls short because Defendants have not presented an adequate justification for failing to name Johnson as a counterclaim-defendant last year. ....................................... 6

      C.    The Motion for Leave should be denied because the proposed amendment relating to Johnson does not pass *Iqbal* and *Twombly* scrutiny................................................................................................................ 8

      D.    The Court lacks personal jurisdiction over Johnson. ............................................ 12

IV.    Conclusion ................................................................................................................ 13

CERTIFICATE OF SERVICE .............................................................................................. 14

TABLE OF AUTHORITIES

Page

**Cases**

*Adams v. Gould, Inc.*, 739 F.2d 858 (3d Cir. 1984) ................................................................. 6

*Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162 (2d Cir. 2012) ....................................... 8

*Andrax Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227 (11th Cir. 2005) ........................................... 5

*Arthur v. Maersk*, 434 F.3d 196 (3d Cir. 2006) ......................................................................... 6

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ............................................................................... 8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 8, 9

*Burns v. Imagine Films Entm't*, 165 F.R.D. 381 (W.D.N.Y. 1996) .............................................. 5

*Cordova v. Lehman Bros. Inc.*, 237 F.R.D. 471 (S.D. Fla. 2006) ................................................ 5

*Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267 (3d Cir. 2001) ..................................... 6

*Curole v. Ochsner Clinic, L.L.C.*, 811 So.2d 92 (La. App. 4th Cir. 2002) ............................... 9, 10

*Cuvillier v. Sullivan*, 503 F.3d 397 (5th Cir. 2007) ................................................................... 8

*Dykes v. Maverick Motion Pictures Group, L.L.C.*, 2010 U.S. Dist. LEXIS 75436
    (M.D. La. May 11, 2010) ................................................................................................. 11

*Filmtec Corp. v. Hydranautics*, 67 F.3d 931 (Fed. Cir. 1995) .................................................... 5

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................................................. 4, 5

*Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218 (1964) ............................. 1

*HWB, Inc. v. Metalpro Indus., L.L.C.*, 2006 U.S. Dist. LEXIS 37271 (E.D. La.
    June 7, 2006) ............................................................................................................. 10, 11

*In re Pressure Sensitive Labeledstock Antitrust Litig.*, 2006 WL 433891 (M.D. Pa.
    Feb. 21, 2006) .................................................................................................................. 6

*Marine Midland Bank, N.A. v. Miller*, 664 F.2d 889 (2d Cir. 1981) .......................................... 13

*Miller v. Am. Gen. Fin. Corp.*, 2002 U.S. Dist. LEXIS 16724 (E.D. La. Sept. 4,
    2002) (Sushan, Mag. J.) .................................................................................................. 12

*Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Group, Inc.*, 747 F.2d 1396
    (11th Cir. 1984) ................................................................................................................. 5

*Parish v. Frazier*, 195 F.3d 761 (5th Cir. 1999) ........................................................................ 4

*Petch v. Humble*, 939 So.2d 499 (La. App. 2 Cir. 2006) ............................................................... 10

*Roth v. Voodoo BBQ, LLC*, 964 So.2d 1095 (La. App. 4th Cir. 2007) ........................................... 9

*Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) ................................................................ 12, 13

*Utila Dive Ventures v. Bay Island Yacht Restoration, LLC*, 2011 U.S. Dist. LEXIS
    103751 (E.D. La. Sept. 14, 2011) .......................................................................... 9, 10, 11

*Wai Yip Corp. v. JAAM, LLC*, 2007 U.S. Dist. LEXIS 86502 (D.N.J. Nov. 26,
    2007) ................................................................................................................................ 7, 8

## **Statutes**

LA. REV. STAT. § 12:1320 .................................................................................................... 9, 10, 11

## **Rules**

FED. R. CIV. P. 15 ................................................................................................................ 1, 3, 4, 6, 8

FED. R. CIV. P. 8 ................................................................................................................................ 3

FED. R. CIV. P. 9 ................................................................................................................................ 3

JNP Enterprises, LLC ("JNP") submits this memorandum in limited opposition to the *Motion for Leave to Join Additional Party, to Amend and to Supplement Original Counterclaim* (the "Motion for Leave") (Dkt. 43) filed by 120 West Partners, LLC ("120 West Partners") and Patterson Structural Moving and Shoring, L.L.C. ("PSMS" and together with 120 West Partners, collectively, "Defendants").

**I.     Introductory Statement**

JNP's opposition to the Motion for Leave is limited. JNP does not oppose leave to amend the Original Counterclaim (defined below) to the extent Defendants seek to assert supplemental claims against JNP that arose after the filing of the Original Counterclaim. JNP denies any liability to Defendants and avers that Defendants have failed to state viable *supplemental* claims against JNP through the Proposed First Amended Counterclaim (defined below). However, Rule 15(d) permits a court, "[o]n motion and reasonable notice, … [and] on just terms" to permit the pleader to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d); *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 226-227 (1964) (court may permit supplemental pleading to add new claims, parties, and events occurring after the filing of original pleading that relate to original action, to make pleadings "a means to achieve an orderly and fair administration of justice"). Accordingly, JNP does not oppose the Motion for Leave to the extent Defendants seek to supplement the Original Counterclaim with claims against JNP that occurred after the date of filing.[1]

However, JNP opposes the addition of Charles Johnson ("Johnson") as a defendant. The case at bar is an action that highlights the reasons for limitations to amendment of pleadings.

---

[1] JNP reserves all rights and JNP's limited opposition should not be construed as a waiver of any grounds under Rule 12 to seek dismissal of Defendants' claims.

Defendants seek to amend to add Johnson as an additional defendant because they are concerned about the collectability of a theoretical judgment against JNP. Defendants fail to assert allegations against Johnson for actions constituting individual negligence or fraud, separate and apart from his role as member of JNP. Defendants fail to allege that Johnson owed a duty to Defendants outside his capacity as a member of JNP. Defendants fail to distinguish between Johnson and JNP.[2] Instead, Defendants interchangeably and indiscriminately attribute JNP to Johnson and Johnson to JNP. Therefore, Defendants amended claims are futile because they have failed to state an actionable counterclaim against Johnson.

Accordingly, the Motion for Leave should be denied with respect to Johnson.

**II. Background and Procedural History**

This civil action dates back to May 31, 2013. On that date, JNP filed its *Verified Complaint for Preliminary and Permanent Injunctive Relief and for Damages* (the "Complaint") (Dkt. #1). JNP allegations were simple and concise – (1) PSMS had unlawfully seized funds relating to "Old AR" and certain promissory note payments;[3] and (2) Defendants had unlawfully refused JNP access to their office space.[4]

Despite the straightforwardness of this civil action, Defendants determined to convolute matters. On June 24, 2013, they filed their *Original Answer to Plaintiff's Verified Complaint and Original Counter-Claim of Patterson Structural Moving and Shoring, L.L.C. and 120 West*

---

[2] Defendants have not asserted any facts or expressly asserted a claim to pierce JNP's corporate veil or that JNP is Johnson's alter ego. As such, this memorandum does not address theories of veil piercing and/or alter ego. However, JNP reserves the right to amend and supplement this memorandum to the extent Defendants attempt *post hoc* to claim veil piercing and/or alter ego claims are being raised in the Proposed First Amended Counterclaim.

[3] As defined in the Complaint.

[4] Mtn. for Prelim. Inj. (Dkt. 5 at 1).

2

*Partners, L.L.C.* (Dkt. 22).[5] Rather than address JNP's substantive allegations, Defendants' filed a verbose and confusing counterclaim, in which they asserted numerous claims *against JNP* for breach of contract and fraud.[6] However, they did not assert a claim against Johnson.

On August 23, 2013, JNP moved to dismiss the Original Counterclaim pursuant to FED. R. CIV. P. 8, 9 and 12(b)(6), or alternatively, for a more definite statement pursuant to FED. R. CIV. P. 12(e).[7] However, rather than amend the Original Counterclaim on or before September 13, 2013, Defendants waited. And in waiting, Defendants caused the Court to spend resources on ruling on the Motion to Dismiss on January 3, 2014. In turn, JNP spent time and money preparing and filing an answer (Dkt. 42) to the Original Counterclaim.

Pursuant to FED. R. CIV. P. 15(a)(1)(B),[8] Defendants could have amended the Original Counterclaim without leave of court on or before September 13, 2013. They did not. Instead, Defendants waited two hundred twenty-five (225) days[9] to move for leave to amend the Counterclaim. Defendants finally moved to amend the Original Counterclaim on February 4, 2014 – less than a month after the Court and JNP had expended time and money dealing with the Original Counterclaim.

Through the *First Amended and Supplemental Counter-Claim of Patterson Structural Moving and Shoring, L.L.C. & 120 West Partners, L.L.C.* (the "Proposed First Amended

---

[5] Defendants' answer, pp. 1-9, is referred to as the "Answer," Defendants' original counterclaim, pp. 9-23, is referred to as the "Original Counterclaim."

[6] Although Defendants only expressly assert two counts in the Counterclaim, they assert numerous acts which allegedly constitute breaches of contract and/or fraud.

[7] *Motion to Dismiss Counterclaim and for More Definite Statement* (the "Motion to Dismiss") (Dkt. 30).

[8] Under Rule 15(a)(1)(B), a party may amend its pleading as a matter of course within, " if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). In this matter, the earlier of the two dates was the filing of the Motion to Dismiss.

[9] Monday, June 24, 2013 through Tuesday, February 4, 2014.

Counterclaim") (Dkt. 43-3), Defendants seek to, *inter alia*, add Johnson as a counterclaim-defendant. According to Defendants, "[they] simply seek[ ] to join Mr. Johnson as an additional defendant in order to assert personal liability against Mr. Johnson, personally, for any successful claims of fraud against JNP."[10] Defendants explain, "By adding Mr. Johnson as an additional counter-claim defendant, [Defendants] can avoid the potential subsequent law suit against Mr. Johnson and the joinder would promote judicial economy."[11]

Defendants allege that their claims against Johnson arise out of the same transaction or occurrence as the claims in the Original Counterclaim.[12] Yet, Defendants offer no explanation as to why their claims against Johnson could not have been asserted in June 2013.

In addition, Defendants fail to assert allegations against Johnson for actions constituting individual negligence or fraud, separate and apart from his role as member of JNP. Defendants fail to allege that Johnson owed a duty to Defendants outside his capacity as a member of JNP.

**II.     Argument and Analysis**

   **A.     Defendants do not make even the minimal required showings under Rule 15.**

Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15 (a)(2). However, leave to amend a complaint is by no means automatic. *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999). Leave to amend lies with the sound discretion of the district court and may be denied when a motion to amend is colored by undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[10]     *Memorandum in Support of Motion for Leave to Join Additional Party, to Amend and to Supplement Original Counter-Claim* (the "Memorandum in Support") (Dkt. 43-2) at 3.

[11]     Memorandum in Support at 3.

[12]     Memorandum in Support at 3.

Further, "when justice so requires" necessarily implies justice to both parties. *Burns v. Imagine Films Entm't*, 165 F.R.D. 381, 384 (W.D.N.Y. 1996).

Determining whether to grant leave to amend a pleading is an exercise in the Court's discretion. *See Foman*, 371 U.S. at 182 (granting or denying the "opportunity to amend is within the discretion of the District Court"). In making its decision, the Court must consider that the purpose of granting leave to amend is twofold: (1) to facilitate a decision on the merits, and (2) to ensure that all issues related to a specific transaction or occurrence are before the Court. *Filmtec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995).

Defendants rely heavily on a liberal pleading standard for allowing amended pleadings. Yet, Defendants fail to support the Motion for Leave and make no showing of why "justice so requires" leave to file the unusually broad and far-reaching Proposed First Amended Counterclaim. Defendants justify their request to add Johnson as a counterclaim-defendant by claiming that they do not want to initiate a separate lawsuit if their claims against JNP are successful. Defendants do not remotely satisfy the "justice so requires" test. *See Andrax Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1237 (11th Cir. 2005) (affirming denial of motion, noting plaintiff's undue delay, its attempt to inject a new theory of recovery and its "failure to show that justice required the grant of its motion"); *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Group, Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984) (affirming denial of plaintiffs' motion for leave to amend complaint to add fourteen new defendants where "the plaintiffs, in moving for leave to amend, made no showing in their factual allegations as to how the additional parties could be held liable on any of the claim they were asserting against [the original defendants]"); *Cordova v. Lehman Bros. Inc.*, 237 F.R.D. 471, 477 (S.D. Fla. 2006) (denying motion to amend where "Plaintiffs have not offered sufficient reasons why allowing the amendment is in the

interests of justice"). Accordingly, the Motion for Leave should be denied with respect to Johnson.

> B. **The proposed amendment relating to Johnson falls short because Defendants have not presented an adequate justification for failing to name Johnson as a counterclaim-defendant last year.**

Even assuming *in arguendo* that the Court were to excuse Defendants' failure to comply with Rule 15, the Proposed First Amended Counterclaim still fails on the grounds of undue delay.

With respect to undue delay, "the passage of time, without more, does not require a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). The question of whether undue delay should prevent leave to amend from being granted focuses on the moving party's reasons for not amending sooner. *Id*.

Additionally, leave to amend may be denied when a movant fails to exercise earlier opportunities to amend, with no adequate justification. *Arthur v. Maersk*, 434 F.3d 196, 205 (3d Cir. 2006). "Implicit in the concept of 'undue delay' is the premise that Plaintiffs, in their exercise of due diligence, could have sought relief from the Court earlier." *In re Pressure Sensitive Labeledstock Antitrust Litig.*, 2006 WL 433891, at *1 (M.D. Pa. Feb. 21, 2006). As such, the question of undue delay requires the Court to focus on the movant's reasons for not amending sooner, while "bearing in mind the liberal pleading philosophy of the federal rules." *Cureton*, 252 F.3d at 273.

With regards to Johnson, the Motion for Leave should be denied because Defendants have unduly delayed in proposing adding Johnson as a counterclaim-defendant. They have not

explained why it took them more than seven months to seek to add Johnson as a counterclaim-defendant. In the Original Counterclaim, Defendants allege that Johnson is the sole member of JNP.[13] Thus, Defendants knew of Johnson's existence and involvement in the negotiation of the Act of Sale.

Defendants waited more than seven months to move to leave to supplement and amend. And in that time, the Court wasted resources ruling on JNP's motion to dismiss, which Defendants could have easily mooted by amending the Original Counterclaim last year. Defendants waited a month after the Court ruled on JNP's motion to dismiss before seeking leave to amend. Defendants have offered no adequate justification for their failure to exercise earlier opportunities to name Johnson as a defendant. Accordingly, the Motion for Leave should be denied with respect to Johnson.

The only explanation offered by Defendants is their concern for the collectability of a judgment entered against JNP. This concern does not justify their request for leave to amend.

This case is analogous to *Wai Yip Corp. v. JAAM, LLC*, 2007 U.S. Dist. LEXIS 86502 (D.N.J. Nov. 26, 2007). In *Wai Yip*, the plaintiff moved to amend its complaint to assert a claim against the defendant's principal shareholders. Among other things, the plaintiff was concerned with the collectability of a judgment against the corporate defendant in light of certain post-action transfers. However, the magistrate judge denied the plaintiff's request, finding that there was no evidence that, *inter alia*, the corporate-defendant could not satisfy a judgment and the shareholder was a real party-in-interest.

---

[13] Original Counterclaim at Part II, ¶7. Similary, in the Act of Sale, which is the subject of this lawsuit, Johnson is disclosed as the duly authorized member of JNP. Dkt. 22-2 at 1. Johnson is also listed in the Act of Sale as the manager of JNP. Dkt. 22-2 at 9.

7

The import of *Wai Yip* is clear – a concern regarding collectability regarding hypothetical judgment satisfaction is not an adequate justification for granting leave to amend to name a shareholder as a defendant. Thus, under *Wai Yip*, the Motion for Leave should be denied with regards to Johnson.

Therefore, the Motion for Leave should be denied with respect to Johnson.

C.  **The Motion for Leave should be denied because the proposed amendment relating to Johnson does not pass *Iqbal* and *Twombly* scrutiny.**

Notwithstanding Defendants' undue delay and failure to comply with Rule 15, the Motion for Leave should also be denied with respect to Johnson as futile because Defendants have failed to state a claim against Johnson upon which relief may be granted.[14]

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,'" though it

---

[14] Under Rule 15, courts consider a variety of factors in reviewing a motion for leave to amend. Among these factors is whether the amendment could withstand a Rule 12 motion to dismiss for failure to state a claim. *Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ("Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted."). As such, JNP raises the Defendants' failure to pass Rule 12(b)(6) muster at this point.

does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id*. Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Defendants cite LA. REV. STAT. § 12:1320(D) for the misguided proposition that Johnson should be held liable for a theoretical judgment against JNP. However, Defendants reliance on LA. REV. STAT. § 12:1320(D) belies applicable case law (particularly from within this District) interpreting its provisions.

Defendants request that Johnson be held liable for a theoretical judgment against JNP. As a limited liability company, JNP is separate legal entity, distinct from its members. LA. REV. STAT. § 12:1320(D). Generally, no member, manager, employee or agent of a limited liability company is liable in such capacity for a debt, obligation or liability of the limited liability company. LA. REV. STAT. § 12:1320(B). A member, manager, employee or agent of a limited liability company may be held individually liable for "negligent or wrongful acts," when those acts are done outside his capacity as a member, manager, employee or agent of the limited liability company. LA. REV. STAT. § 12:1320(D); *Roth v. Voodoo BBQ, LLC*, 964 So.2d 1095 (La. App. 4th Cir. 2007) (citing *Curole v. Ochsner Clinic, L.L.C.*, 811 So.2d 92, 97 (La. App. 4th Cir. 2002)).

JNP submits that this case is analogous to *Utila Dive Ventures v. Bay Island Yacht Restoration, LLC*, 2011 U.S. Dist. LEXIS 103751 (E.D. La. Sept. 14, 2011) (Vance, Chief J.). In that case, the plaintiffs sought to hold the defendant's member liable for the debts of the limited liability company. The contract at issue, however, was, on its face, between the plaintiffs and the LLC-defendant, and consistently referred to the LLC-defendant, not its member. *Id*. at *5. Chief

9

Judge Vance analyzed LA. REV. STAT. § 12:1320 and observed that "Louisiana Courts of Appeals have held that in order to have meaning within the statute as a whole, and avoid removing the entire limitation on liability which the LLC is designed to provide…" *Id*. at *6. Those Louisiana courts have written,

> the phrase 'or other negligent or wrongful act by such person' must refer to acts that are either done outside one's capacity as a member, manager, employee or agent of a limited liability company or which while done in one's capacity as a member, manager, employee or agent of a limited liability company also violate some personal duty owed by the individual to the injured party.

*Id*. at *6 (quoting *Petch v. Humble*, 939 So.2d 499, 504 (La. App. 2 Cir. 2006); citing *Curole*, 811 So.2d at 97). "Therefore, to hold an individual liable, 'some duty owed by the individual defendant to the plaintiff outside his capacity as a member must have been breached." *Id*. Accordingly, Chief Judge Vance determined that plaintiffs were not entitled to summary judgment on their breach of contract claim against the member-defendant because they had asserted no basis for the Court to find that the member-defendant owed the plaintiffs a duty outside his capacity as a member of the LLC, and therefore no basis for holding the member-defendant personally liable for the obligations of the LLC-defendant. *Id*.

Judge Africk reached a similar result in a case involving patent infringement, conversion and negligence. *See HWB, Inc. v. Metalpro Indus., L.L.C.*, 2006 U.S. Dist. LEXIS 37271 (E.D. La. June 7, 2006) (Affrick, J.). Relying on *Curole* (which was cited by Chief Judge Vance in *Utila Dive*), Judge Affrick concluded that the plaintiffs' complaint did not directly allege facts that member-defendant acted outside of his capacity as managing member of the LLC-defendant. *HWB*, 2006 U.S. Dist. LEXIS 37271 at *8. Judge Affrick observed that the plaintiffs (1) explicitly stated that they dealt with the member-defendant in his capacity as a managing member of the LLC-defendant, and (2) implied that the member-defendant was authorized to use the technology at issue in the same capacity as was the LLC-defendant. *Id*. Moreover, Judge

Africk pointed out that the claims which plaintiffs allege against the member-defendant arose from acts which plaintiffs attributed indiscriminately to "MetalPro and Diaz" or "Diaz and MetalPro." *Id*. Judge Africk stated that this implied that the parties acted together and failed to suggest how the member-defendant acted in a capacity exceeding that of the LLC-defendant. Based on the foregoing reasons, Judge Africk granted the member-defendant's Rule 12(b)(6) motion, holding that the plaintiffs did not allege facts sufficient to support a finding or fair inference that the member-defendant acted outside of his capacity as a managing member of the LLC-defendant in a manner that subjects him to liability in an individual capacity pursuant to LA. REV. STAT. § 12:1320(D). *Id*. at *9.

Also instructive is *Dykes v. Maverick Motion Pictures Group, L.L.C.*, 2010 U.S. Dist. LEXIS 75436 (M.D. La. May 11, 2010) (Dalby, Mag. J.). In *Dykes*, Magistrate Judge Dalby concluded, *inter alia*, that the plaintiffs failed to assert allegations against the member-defendant for actions constituting individual negligence or fraud, separate and apart from his role as a manager of the LLC-defendant. *Id*. at **23-24. Therefore, Magistrate Judge Dalby held that the member-defendant was not liable for the debts of the LLC-defendant.

Here, Defendants have failed to assert allegations against Johnson for actions constituting individual negligence or fraud, separate and apart from his role as member of JNP. Like *Utila Dive*, Defendants fail to allege that Johnson owed by a duty to Defendant outside his capacity as a member of JNP. Further, the Act of Sale is, on its face, between JNP and 120 West. Like *HWB*, Defendants fail to distinguish between Johnson and JNP.[15] Therefore, there is no basis for

---

[15] Again, Defendants have not asserted a veil piercing claim or alter ego claim against Johnson. Rather, they take the position that he should be held liable for a theoretical judgment against JNP pursuant to LA. REV. STAT. § 12:1320(D).

finding Johnson individually liable for a potential judgment against JNP. Accordingly leave to amend with respect to Johnson should be denied.

    **D.    The Court lacks personal jurisdiction over Johnson.**

The Proposed First Amended Counterclaim is also futile because the Court lacks personal jurisdiction over Johnson. Assuming that Defendants have established minimum contact for a finding of specific jurisdiction,[16] the "fiduciary shield" doctrine prevents the Court from exercising personal jurisdiction over Johnson.

As discussed above, Defendants have not asserted a claim against Johnson pursuant to LA. REV. STAT. § 12:1320(D) because, *inter alia*, Defendants have failed to assert (i) allegations against Johnson for actions constituting individual negligence or fraud, separate and apart from his role as member of JNP; (ii) that Johnson owed by a duty to Defendant outside his capacity as a member of JNP; and (iii) a distinction between Johnson and JNP. These same facts counsel in favor of application of the "fiduciary shield" doctrine.

Even if a defendant corporation has established minimum contacts by contracting with the plaintiff in the forum state, a court may not exercise jurisdiction over a corporate representative whose activities were directed towards the forum state solely on behalf of the corporation, and in his capacity as a corporate representative. *Miller v. Am. Gen. Fin. Corp.*, 2002 U.S. Dist. LEXIS 16724, at *12 (E.D. La. Sept. 4, 2002) (Sushan, Mag. J.). Under the fiduciary shield doctrine, an individual's transaction of business within the forum state solely as a company's representative will not create personal jurisdiction over the individual. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). The doctrine's underpinning is the unfairness of forcing an individual to defend a suit brought against him personally in a forum with which his

---

[16] An issue not conceded.

only relevant contracts are acts performed not for his benefit, but for the company's. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 889, 902 (2d Cir. 1981). To overcome the fiduciary-shield doctrine, the plaintiff must present evidence that the company was the defendant's alter ego or that the defendant engaged in activities in the forum state that would bring him personally within the long-arm statute. *Stuart*, 772 F.2d at 1197.

In this case, Johnson signed the Act of Sale as the authorized representative of JNP. Defendants have not alleged that JNP was Johnson's alter ego. As discussed above, Defendants have failed to assert allegations against Johnson for actions constituting individual negligence or fraud, separate and apart from his role as member of JNP. Defendants have not alleged that Johnson owed by a duty to Defendant outside his capacity as a member of JNP. Defendants have not distinguished between Johnson and JNP. Therefore, there is no basis for inferring that JNP was Johnson's alter ego.

Given Defendants failure to overcome the "fiduciary shield" doctrine, the Court cannot exercise personal jurisdiction over Johnson. Accordingly, the Motion for Leave should be denied with respect to Johnson.

## IV. Conclusion

The Motion for Leave should be denied with respect to Johnson. Defendants seek to implant new and novel theories against Johnson. Defendants' request to add Johnson is untimely because they could have (and should have) added Johnson as a counterclaim-defendant more than seven months ago when they had the opportunity to do so as a matter of course. Defendants have given no competent justification for their failure to assert claims against Johnson when they had earlier opportunities to do so. Defendants' proposed amendment is futile because they have not set out any factual content to show that Johnson owed by a duty to Defendant outside his

capacity as a member of JNP. Moreover, the fiduciary shield doctrine precludes the exercise of personal jurisdiction over Johnson.

Accordingly, the Motion for Leave should be denied with respect to Johnson.

Date: February 18, 2014

Submitted by:

**STEWART ROBBINS & BROWN, LLC**

By: **/s/ Ryan J. Richmond**
Brandon A. Brown (La. Bar No. 25592)
Erin Wilder-Doomes, TA (La. Bar No. 26552)
Ryan J. Richmond (La. Bar No. 30688)
620 Florida Street, Suite 100
Baton Rouge, LA 70801-1741
Telephone: (225) 231-9998
Facsimile: (225) 709-9467
E-mail: bbrown@stewartrobbins.com
E-mail: ewilderdoomes@stewartrobbins.com
E-mail: rrichmond@stewartrobbins.com

*Attorneys for JNP Enterprises, LLC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing memorandum was served Albert J. Nicaud (anicaud@nslawla.com, jsiemssen@nslawla.com, mbordelon@nslawla.com) and Jeffrey M. Siemssen (jsiemssen@nslawla.com, mbordelon@nslawla.com) by Notice of Electronic Filing through the Court's CM/ECF system on Tuesday, February 18, 2014.

**/s/ Ryan J. Richmond**
Ryan J. Richmond